## CLAY vs. BYNUM.

A power to    APPEAL from the court of the sixth district.
sign the consti-
tuent's name,
in any transac-   MATHEWS, J. delivered the opinion of the
tion, in which
the attorney court.   In this case, the defendant is sued as
may deem it endorser on a negotiable note, which appears
necessary and
proper, does to have been endorsed by his attorney in fact.
authorise the
endorsement of He refuses payment on the ground of the at-
a note.
torney having exceeded his power, and con-
sequently the constituent is not bound by the
act of the former.   In the court below there
was judgment for the plaintiff, from which the
defendant appealed.

The record contains evidence, which seems to have been intended to shew a ratification on the part of the appellant, subsequent to the endorsement by the act of his attorney. But, as it is believed that the appellee has failed to establish that fact, we have only to examine the cause in relation to the procuration under which the attorney acted. It is general for all purposes, and also contains clauses giving special authority to act in many cases, amongst which is that of signing the name of his constituent in any transaction in which he might deem it necessary and proper. This latter clause, (if any can do it,) is that which must give the power, assumed by the agent, in making the endorsement above stated.

A power conceived in general terms, or procuration *omnium bonorum*, does not authorise the attorney to contract debts for the principal, unless such as may be necessary for the conservation of the property in his charge. In no case can he stipulate, so as to bind the latter to his injury, unless specially authorised to the act which may result in injury. He cannot bind the constituent as surety ; can make no donation, &c. We are of opinion that the authority given to the attorney in the present

VOL. I (N. S.)        77

case to sign the name of his principal, ought not to extend to contracts, which from their nature create any new debt or obligation on the latter. It might possibly have reached the renewal of notes, in which he was already bound, but the one which forms the basis of the present action is not shewn to be of that sort.

Being of opinion that the attorney had not authority to bind his constituent, by endorsing notes which would create an original obligation, we conclude that in the case now under consideration, the former has exceeded his authority, and that, consequently the latter has not contracted through him any obligation by the endorsement.

It is therefore, ordered, adjudged and decreed, that the judgment of the court below be avoided, reversed and annulled ; and it is further, ordered, adjudged and decreed, that judgment be given for the defendant and appellant with costs in both courts.

*Thomas* for the plaintiff, *Wilson* for the defeant.